FREMONT, ELKHORN & MISSOURI VALLEY RAILROAD COMPANY v. CLAUS MATTHEIS.

FILED FEBRUARY 6, 1894. No. 4310.

1. **Eminent Domain:** PETITION: DESCRIPTION OF PROPERTY: AMENDMENT. A county judge, in a proceeding by a railroad company to acquire the right of way by condemnation, may require the petition presented to him to be amended so as to contain a more specific description of the property which it is sought to appropriate.

2. **A condemnation proceeding will not be declared void** in a subsequent action by a land-owner, who had notice thereof in the manner provided by law, on the sole ground that the property described in the petition is the tract through which the road is located and not the particular part thereof appropriated for right of way purposes.

3. **Eminent Domain**: SUFFICIENCY OF DESCRIPTION OF LAND: COLLATERAL ATTACK. Where a petition for appraisers to assess damage on account of the appropriation for right of way purposes of a strip 100 feet wide through a particular tract of land, refers for a more specific description to an accompanying plat, which shows the location of the road through such tract, but without letters or figures to indicate courses and distances, such description will be *held* sufficient when assailed in a collateral proceeding.

4. **The conclusion** announced on a former hearing of this case, 35 Neb., 48, adhered to.

REHEARING of case reported in 35 Neb., 48.

*Switzler & McIntosh,* for defendant in error:

In condemnation proceedings the court should hold the condemning party to a strict observance of the statute. (*Republican V. R. Co. v. Fink,* 18 Neb., 82; *Omaha & N. W. R. Co. v. Menk,* 4 Neb., 21; *Ray v. Atchison & N. R. Co.,* 4 Neb., 439.)

The description of the land taken, contained in the petition and other papers in the condemnation proceeding, is insufficient to give the county judge jurisdiction. (*Pennsylvania R. Co. v. Porter,* 29 Pa. St., 169; *London v. Sample Lumber Co.,* 8 So. Rep. [Ala.], 281; *Chicago & M. L. S. R. Co. v. Sanford,* 23 Mich., 426; *State v. Armell,* 8 Kan., 294; *Spofford v. Bucksport & B. R. Co.,* 66 Me., 40; *Portland S. & P. R. Co. v. Commissioners of York County,* 65 Me., 292; *Missouri P. R. Co. v. Carter,* 85 Mo., 448; *In re New York C. & H. R. R. Co.,* 70 N. Y., 193; Mills, Eminent Domain, sec. 115; Lewis, Eminent Domain, sec. 350; Pierce, Railroads, p. 180; 1 Rorer, Railroads, 346.)

*John B. Hawley* and *B. T. White,* for plaintiff in error.

POST, J.

An opinion was filed in this case at the January, 1892, term. (See *Fremont, E. & M. V. R. Co. v. Mattheis,* 35

Neb., 48.)  Subsequently the writer, believing that the
question of the validity .of the condemnation proceeding
relied upon by the railroad company, had not received the
careful consideration to which it was entitled, suggested a
rehearing, which was accordingly ordered.  Assisted by
able arguments and briefs, we have patiently re-examined
that question, and are entirely satisfied with the conclu-
sion reached on the former hearing.  There appears, from
a casual examination of the authorities, to be an irrecon-
cilable conflict of opinion as to the description essential in
order to confer jurisdiction upon the court, or other officers
authorized to award damage in this class of cases.  But
from a careful examination of the cases the apparent con-
flict is found to be due in a large measure to a diversity of
laws regulating the appropriating of private property in
the exercise of the right of eminent domain.  In the earlier
cases it is observable that by the general laws, as . well
as special charters, the condemnation proceeding had the
effect of a deed, and upon payment of the damage awarded
the title of the property acquired was vested in the corpo-
ration or other agency of the state, and the damage of the
owner was limited to compensation for the property actu-
ally taken.  The reasons upon which those decisions rest
are wanting in this state where the damage includes not
alone the value of the property taken, but injury to the
entire tract.  Strictly speaking, the proceeding under our
statute is to determine the amount of the injury to the
land-owner's property, whatever may be the extent thereof,
and of which the value of the property actually taken is
but an element.  It would seem, therefore, that a petition
describing the tract or body of land which is the subject
of the controversy is sufficient to give the county judge
jurisdiction, although the fraction thereof sought to be
appropriated may not be described with technical accuracy.

We are not aware that a description of the character of
. the one under consideration has ever been held insufficient

in a strictly collateral proceeding.  In each of the cases cited by defendant in error, with the single exception, we believe, of *State v. Armell,* 8 Kan., 288, the question arose in a direct proceeding; and in the exception named the controversy involved the extent of the right acquired, and not the validity of the condemnation.  It will be conceded that the powers exercised by the county judge in this proceeding are special and limited, and not in accordance with the course of the common law; but it is quite as well settled that his judgments and orders cannot be assailed indirectly on account of mere errors or irregularities (Black, Judgments, 250.)

The property described in the petition is "the right of way one hundred feet wide over, across, and through the * * * northeast quarter of the southeast quarter of section No. thirty-six, township No. fifteen, range No. twelve east; * * * all of the above property being fully described and marked by red lines on the plat hereto attached and marked Exhibit 'B' and made a part thereof. The following named persons have and claim title, ownership, and interest in the above described real estate, to-wit: * * * C. Mattheis." The prayer of the petition is that "the commissioners heretofore summoned be directed to inspect said real estate and assess the damages which the owners or parties interested therein shall sustain by the appropriation thereof to the use of said company as aforesaid." On the 28th day of May, 1887, notice in writing was given the defendant in error that on the 10th day of June following said "commissioners" would assess his damage for the appropriation of the right of way through his premises, as the same was then staked out and located.  Assuming the above description to be less specific than contemplated by law, objection on that ground comes too late when made for the first time after the damage has been assessed and the road constructed.  It cannot be said that there is not available to the land-owner in such

cases an adequate remedy by direct proceeding. Without doubt the county judge is authorized to exercise the same control over the warrant or commission to the appraisers as over any other process issued by him. If the allegations of the petition are indefinite, an amendment may be allowed; and if there is no authority for the issuing of the writ, it may be quashed and set aside upon the motion of one adversely interested; and although the writ of *certiorari* has been abolished in this state, the district court may still compel the proceedings of an inferior tribunal to be certified up for review.

An instructive case, and one directly in point, is *Cleveland & T. R. Co. v. Prentice*, 13 O. St., 373, which was an action to recover for the value of a strip of land one hundred feet wide across lot 15, in river tract No. 87. The railroad company relied upon a condemnation of the premises for right of way. The description shown by the record introduced in evidence was "fifty feet wide on each side of said railroad, as last surveyed, through   *   *   *   lots Nos. 11, 12, 13, 14, and 15 of the subdivision of river tract No. 87." In holding the foregoing description sufficient, Sutliff, C. J., says: "The authorities will be found, I apprehend, less strict in requiring definite description of roads where the question is not made until after the road has been opened and in use, than in those cases where the question as to the *locus in quo* has been raised *in limine.*"

In *Lower v. Chicago, B. & Q. R. Co.*, 59 Ia., 563, the land condemned was fifty feet on each side of the center of the railroad track "as the same is located, staked, and marked." This was held a sufficient description in a collateral proceeding, although it did not in all respects correspond to the land described in the notice of condemnation. Our views are supported also by the following cases: *Stephenville v. Overby*, 22 S. W. Rep. [Tex.], 121; *Cory v. Chicago, B. & K. C. R. Co.*, 100 Mo., 288; *Chicago, M. & St. P. R. Co. v. Randolph Townsite Co.*, 103 Mo., 451.

In the case of *Trester v. Missouri P. R. Co.*, 33 Neb., 171, the petition, which was held sufficient, contained the following description: "The N. $\frac{1}{2}$ S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$, section 24, Tp. 10, R. 6 E., 100 feet wide and through the same." And although no reference is made in the syllabus to the sufficiency of the description that question was presented by the record and was evidently determined, as appears from the following language used by the present chief justice, on page 185: "The petition presented to the county judge in every respect complied with the statute relative to the appropriation of real estate for right of way purposes." Our conclusion is that the petition was sufficient to give the county judge jurisdiction, and that the condemnation proceeding is a sufficient justification of the trespass alleged in this action. The judgment of the district court is therefore

REVERSED.