A. M. CAMPAU REALTY CO. *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—MOTION TO DISMISS—PLEADINGS.

On appeal from decree dismissing bill in suit to enjoin city from lowering street grade at railroad crossing without first compensating abutting owner therefor, facts stated in the judge's opinion which are not fully set forth in the pleadings and not complained of by appellant are assumed to be true.

2. EMINENT DOMAIN—LOWERING OF STREET GRADE—CONSEQUENTIAL DAMAGES.

Consequential damages resulting from a subsequent lowering of a street grade at railroad crossing could not have been considered by jury in main condemnation proceedings.

3. CONSTITUTIONAL LAW—LOWERING OF STREET GRADE.

The lowering of street grade at railroad crossing without first compensating abutting property owner for damages sustained thereby is not a taking of property without due process of law.

4. MUNICIPAL CORPORATIONS—GRADE SEPARATION—RAILROADS.

Bill to enjoin city from lowering street grade at railroad crossing without first compensating abutting property owner for such damage as it would suffer *held,* properly dismissed since plaintiff has adequate remedy at law under the grade separation act where a city may proceed to lower the grade of a street and then begin appropriate proceedings to ascertain damages, if any (1 Comp. Laws 1929, § 4481 *et seq.*).

Appeal from Wayne; Moll (Lester S.), J. Submitted June 6, 1934. (Docket No. 26, Calendar No. 37,805.) Decided September 18, 1934.

Bill by A. M. Campau Realty Company, a Michigan corporation, against City of Detroit, a municipal corporation, to enjoin the lowering of a street grade. Bill dismissed. Plaintiff appeals. Affirmed.

*McLeod, Fixel, Abbott & Fixel* and *Harry N. Deyo,* for plaintiff.

*Raymond J. Kelly,* corporation counsel, and *James H. Lee,* assistant corporation counsel, for defendant.

BUTZEL, J.   Proceedings to widen Woodward avenue in the city of Detroit to the width of 120 feet as authorized by the common council on July 12, 1927, were begun in the recorder's court the latter part of the following year.   The property sought to be acquired for the project included the easterly 20 feet of the land and building thereon at the southwest corner of Woodward and Baltimore avenues, the property of A. M. Campau Realty Company, plaintiff.   It is part of a parcel with a frontage of 120 feet on the west side of Woodward avenue and 215 feet on the south side of West Baltimore avenue. A one-story building, used as a retail store and having large display windows, stood on the Woodward avenue side of the property with an entrance at the corner of the building at the intersection of the two streets.   The southerly side of the property adjoined a wide railroad right of way on which there were five sets of tracks which extended across Woodward avenue by means of a viaduct spanning the street. The jury found necessity and awarded plaintiff a substantial sum for the loss of the 20 feet appropriated and damages to the building.   The verdict was affirmed on July 21, 1932.   The original plan as presented in the recorder's court proceedings called for a very slight and almost imperceptible lowering of the grade along the Woodward avenue side of plaintiff's property, so that the level of the street in front of the property nearest to the railroad crossing would be but two and one-half feet lower than the show windows of the building.   On January 5, 1934, plaintiff received payment of the amount of its award.   On December 11, 1933, almost six

years after the court proceedings, showing the original plan, were instituted, and over 17 months after the verdict was confirmed, the city filed with the proper authorities a new plan providing for a much lower grade of the street at the crossing. As a result, the Woodward avenue frontage of plaintiff's building with the 20 feet removed would be much higher than the street level. It showed that Woodward avenue would taper down from Baltimore avenue to such an extent that at the most southerly point of plaintiff's property the show windows would be seven and one-half feet above the street level. Plaintiff, claiming that its building thus was ruined for retail purposes, filed a bill seeking an injunction to restrain the city from lowering the grade without first determining and paying such damages as plaintiff claimed it would suffer. Defendant in its motion to dismiss contends that plaintiff has an adequate remedy at law. The trial court so found and entered a decree dismissing the bill. Plaintiff has appealed from the order of dismissal.

Many of the facts stated in the judge's opinion are not fully set forth in the pleadings, but inasmuch as the trial judge was undoubtedly familiar with the Woodward avenue condemnation proceedings out of which so many questions have arisen for judicial determination, and appellant has not found any fault with such findings, we shall assume them to be true in discussing the question of law, which is the sole question on appeal.

Through the condemnation proceedings, which are *res judicata,* the city acquired and paid for the easterly 20 feet of plaintiff's land and the buildings thereon. Plaintiff does not claim that when the proceedings were instituted or while they were pending, the city intended to lower the grade to a greater

depth than was shown by the plan presented at that time. The good faith of the city is not impugned. The consequential damages resulting from a subsequent lowering of the grade could not have been considered in the main proceeding. Plaintiff calls our attention to a number of cases where the question of damages for lowering of the grade was considered in condemnation cases or not long after the proceedings were concluded. We have repeatedly held that the lowering of the street grades is not the taking of abutting property without due process of law. *City of Detroit* v. *Railway Co.,* 163 Mich. 229; *Mead* v. *Railroad Co.,* 174 Mich. 521. The city may proceed to lower the grades and then begin appropriate proceedings under the grade separation act. 1 Comp. Laws 1929, § 4481 *et seq.,* as amended. The appellant, however, claims that the 20 feet had not yet become part of the street and that, therefore, the grade crossing act is not applicable. The 20 feet had been acquired and paid for for street purposes by the city. The razing of the building had been begun and it had been torn down to the level of the street. If the city had undertaken to separate the grade in front of plaintiff's property prior to the condemnation, plaintiff would have been relegated to the damages in a grade crossing proceeding. The grade was being lowered along the street at the crossing. This included the 20 feet acquired by the city.

Plaintiff has an adequate remedy at law and the trial judge was correct in entering a decree dismissing the bill of complaint. The decree is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.