LESTER L. SCHEER (REVIVED IN NAME OF ALECE SCHEER ET AL.,), APPELLEE, V. KANSAS-NEBRASKA NATURAL GAS COMPANY, INC., A CORPORATION, APPELLANT.

64 N. W. 2d 333

Filed May 14, 1954. No. 33516.

*Conway & Irons* and *Brogan & Brogan,* for appellant.

R. J. *Shurtleff,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

CARTER, J.

This is a suit to quiet title to all the real estate described in the petition, except a right-of-way across said real estate 3½ inches wide and 4,046 feet long obtained for pipeline purposes in a condemnation proceeding. The trial court quieted the title to the real estate in accordance with the prayer of plaintiff's petition and enjoined the defendant from using more than the 3½ inch strip for the laying, relaying, operation, maintenance, and repair of its pipeline. The defendant appeals.

The plaintiff is the owner in fee simple of the land across which the right-of-way was obtained. On August 23, 1951, the defendant filed its petition with the county judge of Madison County to obtain a right-of-way

by condemnation for a pipeline pursuant to the provisions of section 75-601, R. S. Supp., 1953. A map was attached to the petition showing the course of the pipeline across plaintiff's land. The petition alleged that the gas pipeline will be of metal construction, 3½ inches in diameter, and will be placed at least 30 inches below normal ground level in such a manner that the ground surface above such pipeline may be farmed and worked over without inconvenience, interference, or damage to farming operations or crops. The extent of the easement is described as that which is necessary and required for the laying, relaying, maintaining, and operating of said pipeline and appurtenances thereto for the transportation of natural gas upon and through plaintiff's premises. The county judge appointed three appraisers as required by law, who made an award of damages and filed the same as required by the statute. The plaintiff Scheer appealed to the district court for Madison County. On the appeal plaintiff recovered a judgment on the same issues as were raised by the proceedings in the county court.

In the present case plaintiff alleges that defendant acquired by condemnation an easement over his land not exceeding 3½ inches wide and 4,046 feet in length as shown by the map attached to the petition for condemnation filed by this defendant with the county judge. He asserts that defendant claims the right to enter upon and use all of plaintiff's land, or a part thereof in excess of 3½ inches in width, for the purpose of laying, relaying, maintaining, and operating its gas pipeline and appurtenances thereto for the transportation of natural gas, unless the defendant be enjoined from so doing.

The defendant by answer alleges that it acquired an easement and right-of-way across plaintiff's land for so much of it as was reasonably necessary for the laying, relaying, operating, repair, and maintenance of the pipeline. It asserts further that an easement 3½ inches in width defeats one of the main purposes of the easement

and unduly restricts its extent. It also alleges that the claims of the plaintiff have or should have been adjudicated in the condemnation suit tried in the district court and that the defense of res judicata applies in the present case.

Plaintiff asserts in his reply that sections 75-601, 75-606, 75-609, and 75-610, R. S. Supp.; 1953, are invalid as a taking without due process of law insofar as they authorize the defendant to condemn plaintiff's real estate without describing the extent, amount, or portion of his real estate reasonably necessary to be appropriated for condemner's purpose. It is also alleged that any attempt to have the judicial department of the state determine what is reasonably necessary for the laying, relaying, and maintaining of its pipeline constitutes an attempt to delegate to the judicial department powers which are reserved to the legislative department.

The petition for condemnation describes the extent of the easement in the language of the statute. §§ 75-601 and 75-606, R. S. Supp., 1953. It is the rule that a condemner is required to allege the portion of condemnee's land he deems necessary for his purposes, and to describe in his petition the portion sought to be taken in that proceeding. In the absence of an appeal to the district court the condemner is bound by the description set forth in his petition, and if it be indefinite or inaccurate in description it is subject to collateral attack.

In the present case an appeal was taken to the district court by plaintiff, the condemnee in the original proceeding. It was there stipulated that no new pleadings need be filed and that the case would be tried on appeal on the same issue as in the court below, namely, damages only. A jury was waived and the trial court entered a judgment for the damages sustained by the first laying of the pipeline. The judgment was fully satisfied.

It is a fundamental rule in this state that if new issues other than the assessment of damages are to be raised

on appeal in a condemnation proceeding, they must be pleaded. On appeal the proceeding is judicial as distinguished from the administrative proceeding before the county judge. A condemnee is required to raise any and all issues in the district court and, if he does not, he is bound by the rule of res judicata in a collateral attack.

We think the petition filed with the county judge was sufficient as against a collateral attack. In Fremont, E. & M. V. R. R. Co. v. Mattheis, 39 Neb. 98, 57 N. W. 987, this point was discussed in the following language: "Assuming the above description to be less specific than contemplated by law, objection on that ground comes too late when made for the first time after the damage has been assessed and the road constructed. It cannot be said there is not available to the land-owner in such cases an adequate remedy by direct proceeding. Without doubt the county judge is authorized to exercise the same control over the warrant or commission to the appraisers as over any other process issued by him. If the allegations of the petition are indefinite, an amendment may be allowed; and if there is no authority for the issuing of the writ, it may be quashed and set aside upon the motion of one adversely interested; * * *." In the foregoing opinion the following from the case of Cleveland & T. R. R. Co. v. Prentice, 13 Ohio St. 373, is quoted with approval: "The authorities will be found, I apprehend, less strict in requiring definite description of roads where the question is not made until after the road has been opened and in use, than in those cases where the question as to the locus in quo has been raised in limine, * * *."

In the case at bar the condemnee perfected an appeal to the district court in accordance with the applicable statute. There it was stipulated that no pleadings be filed and that the case be heard upon the transcript of the proceedings had in the county court. The only issue, therefore, was the amount of damages. Pierce v. Platte Valley Public Power & Irr. Dist., 143 Neb. 898, 11 N.

W. 2d 813. The doctrine of res judicata applies. The rule, as adopted in this jurisdiction, is: "The rule is well settled that a judgment on the merits in the trial of a civil action constitutes an effective bar and estoppel in a subsequent action upon the same claim or demand, not only as to every matter offered and received to sustain or defeat the claim or demand, but also as to any other admissible matter which might have been offered for such purpose." Webber v. City of Scottsbluff, 155 Neb. 60, 50 N. W. 2d 541. See, also, Lowe v. Prospect Hill Cemetery Assn., 75 Neb. 85, 106 N. W. 429.

The foregoing rule applies to judgments rendered by courts of competent jurisdiction in condemnation proceedings under the power of eminent domain. The rule is stated in 30 C. J. S., Eminent Domain, § 414, p. 142, as follows: "The general rule with respect to judgments, that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any future action between the same parties or their privies with respect to the same cause of action so long as it remains in force applies to judgments in actions and proceedings relating to the taking or injury of property under the power of eminent domain, * * *." We held to this effect in Webber v. City of Scottsbluff, *supra*. See, also, A. M. Campau Realty Co. v. City of Detroit, 268 Mich. 417, 256 N. W. 357; Baird v. Hamilton County, 186 Iowa 856, 167 N. W. 590, on rehearing 186 Iowa 860, 173 N. W. 106.

The petition filed in the county court describing the easement required in the language of the statute was sufficient as against a collateral attack. On appeal to the district court the condemnee was required to raise every issue about which he complained. His only complaint at that time concerned the amount of damages which had been allowed him by the appraisers. If he was dissatisfied with the nature or extent of the easement as described in the condemner's petition, he was required to raise it by proper pleading. His failure to do so amounts to a waiver and subjects him to the rule

of res judicata. He may not sit idly by, permit a judgment to be entered, accept the proceeds thereof and, when the condemner attempts to exercise his right, assert for the first time an issue that should have been litigated in the previous action.

The decree of the district court should have quieted title to plaintiff's lands subject to the easement of the defendant for a pipeline across said lands to the extent reasonably required for the laying, relaying, maintaining, and operating the pipeline and the appurtenances thereto. Adequate remedy exists for determining the width of the easement reasonably required if it becomes controversial. Dormer v. Dreith, 145 Neb. 742, 18 N. W. 2d 94. In 17 Am. Jur., Easements, § 97, p. 996, it is said: "If a grant is specific in its terms, it is decisive of the limits of the easement. If an easement is not specifically defined, the rule is that the easement need only be such as is reasonably necessary and convenient for the purpose for which it was created." We think the same rule applies irrespective of the method by which the easement was created. Where an easement is not specifically defined in a condemnation proceeding under the power of eminent domain, its enjoyment is ordinarily limited only by the necessity for its use under which the easement was acquired.

The plaintiff contends that the only issue to be tried in the district court on appeal is the question of damages. He cites the change in wording of section 76-717, R. S. Supp., 1953, from what it was in the former act, section 74-314, R. R. S. 1943. In the new act the statute provides: "After docketing of the appeal, the issues shall be made up and tried in the district court in the same manner as an appeal from the county court to the district court in a civil action." In the old act it was stated: "The parties shall proceed in all respects in the trial of the cause in the same manner as though the action had been originally instituted in such appellate court."

The securing of an appraisal of damages by appraisers appointed by the county judge is an administrative act as distinguished from a judicial proceeding. The method of appeal is procedural only and contemplates a complete new trial upon pleadings to be filed as in the case of an appeal from the county court. There can be no variance in the issues because no pleading, except the petition of the condemner, is contemplated in the administrative proceeding. The present appeal statute contemplates the filing of pleadings and the framing of issues for the first time in the judicial proceeding in the district court. The issue is not limited to the question of damages only unless the pleadings limit the trial to that issue. We appear to have so held under the same statute here involved in Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213, wherein we said: "The procedure in the county court contemplates an informal hearing by the appraisers, a view of the lands, no record of the testimony, and a report of damages assessed to be filed subject only to the right of appeal, not to confirmation by the appointing court. It is obvious that the appellant could only raise the proposition here being discussed for the first time in his petition on appeal to the district court. * * * On appeal to the district court from the appraisement of damages, if other issues than the question of damages are involved, they must be presented by proper pleadings."

The plaintiff raises certain constitutional questions. He contends that the extent and quantity of lands sought to be taken by condemnation proceedings under the power of eminent domain are legislative and not judicial questions. With this statement we are in accord. In the instant case, however, the petition sufficiently described the extent of the taking. Any dispute growing out of it as to the specific meaning of the language of the grant of the easement is a judicial question. It cannot well be argued that a determination as to whether

or not the requirements of the statute have been met is anything other than a judicial question. There has been no invasion of the legislative power by the judiciary in the present proceeding.

We conclude that the trial court was in error in limiting as it did the width of the easement obtained by the condemnation proceeding. The judgment is reversed and the cause is remanded with directions to the trial court to enter a decree in accordance with the holdings of this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WENKE, J., participating on briefs.