KANSAS–NEBRASKA NATURAL GAS COMPANY, Inc., Appellant,

v.

VILLAGE OF DESHLER, NEBRASKA et al., Appellees.

No. 16596.

United States Court of Appeals
Eighth Circuit.

April 7, 1961.

Elmer J. Jackson, Hastings, Neb., and James D. Conway, Hastings, Neb., for appellant.

Herman Ginsburg, Lincoln, Neb., W. O. Baldwin, Hebron, Neb., on brief, for appellees.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment of the District Court entered August 12, 1960, dismissing with prejudice, the complaint of the plaintiff (appellant) in an action brought by it on June 27, 1957, against the defendants upon the claim that condemnation proceedings conducted by them under Chapter 19, Article 7, Reissue, Revised Statutes of Nebraska for 1943, as amended, on behalf of the Village of Deshler, Nebraska, for the acquisition by it of the gas distribution system of the plaintiff in that Village, were fatally defective, illegal and void, and that further proceedings by the defendants should, therefore, be enjoined. Jurisdiction was based on diversity of citizenship and amount in controversy. The defendants in their answer denied that there was any defect in the proceedings challenged by the plaintiff. The applicable substantive law is that of Nebraska.

The issues were tried to Judge Delehant, who, in an exhaustive opinion,[1] has with meticulous care and accuracy stated in detail the facts, the issues, and the contentions of the parties. He has answered every argument advanced and has discussed fully the applicable Nebraska law. We do not propose to indulge in needless repetition. The ultimate conclusion of Judge Delehant is stated as follows:

"On the whole, the court concludes that especially in the circumstances of this litigation, the resolution, no-

tice of election, and form of ballot fairly and with reasonable certainty, identify the property of the plaintiff, which it is proposed to take by right of eminent domain, and also disclose the intent and purpose of the village, in the event of a favorable vote at the election, to take and pay for such property in its entirety. This seems to be all that is required in such cases. Thus, it is held that in proceedings for condemnation, and in notices of elections upon such subjects, the property to be taken must be described, not with meticulous exactness but with a reasonable degree of accuracy, or, stated otherwise, with accuracy to the degree that the property to be taken may be identified by reference to the description. And the purpose to take it must be stated unequivocally. Consumers Public Power District v. Eldred, 146 Neb. 926 [22 N.W.2d 188]; Blue River Power Company v. Hronik, 112 Neb. 500 [199 N.W. 788]; Scheer v. Kansas-Nebraska Natural Gas Company, 158 Neb. 668 [64 N.W.2d 333]; 29 C.J.S. Eminent Domain § 259(a), p. 1229. Regard being had to the character of the property here involved, the court holds the description as valid for its purpose."

We are asked to reverse Judge Delehant's determination on the ground that in the description in the "Notice of Election" and in the "Official Ballot," of the property proposed to be acquired, there was included "the right to purchase wholesale gas from the Kansas-Nebraska Natural Gas Company," and that such right was not subject to acquisition by condemnation and its inclusion in the description of the property to be acquired was in violation or circumvention of the plaintiff's "Federal Power Commission gas tariff."

In its brief the plaintiff says:

"Appellant does not deny that Appellee Village possesses legal author-

1. Filed August 12, 1960, 192 F.Supp. 303.

ity to condemn and acquire Appellant's gas distribution system in the Village nor does it deny that Appellant will be obligated to sell wholesale gas to the Appellee Village if the Village lawfully acquires said distribution system and the Federal Power Commission finds the sale to be in the public interest. But Appellant does deny that Appellee's present effort is lawful and contends that Appellee Village must limit its proceedings to that part of Appellant's property which it has authority to condemn and to which can be attributed an ascertainable and reviewable value without jeopardizing either Appellant's Federal Power Commission tariff or the authority of the Federal Power Commission under the Natural Gas Act."

It was the opinion of the trial court that, when and if the Village of Deshler completes the condemnation and acquisition of the plaintiff's gas distribution system, the Village will have the right to be a purchaser from the plaintiff of "wholesale gas," not only because of the Village's status as a distributor and purchaser of such gas, but also because of Section 19–708, R.S.Neb.1943, 1959 Cumulative Supplement, which reads as follows:

> "Whenever the local distribution system of any public utility, has been acquired by any city or village under the provisions of Chapter 19, Article 7, the condemnee, if it is also the owner of any transmission systems, whether by wire, pipe line, or otherwise, from any other point to such city or village shall, at the option of such city or village, be required to render wholesale service to such city or village whether otherwise acting as wholesaler or not; * *."

We are convinced that Judge Delehant's conclusion was not only a permissible one under Nebraska law, but, in all probability, the only one which reasonably could have been reached. Surely, a condemnation proceeding should not be invalidated for any such unsubstantial reasons as are advanced by the plaintiff. If the right to purchase gas at wholesale is not subject to condemnation, it will not be so acquired; and, if there is any conflict between the right sought and the plaintiff's tariff filed with the Federal Power Commission, it is safe to say that the conflict will be readily resolved when and if the Village acquires the gas distribution system and becomes a purchaser and distributor of natural gas. We have no reason to believe that the Supreme Court of Nebraska, if called upon to decide this case, would reach a different result than did the federal District Court.

The judgment appealed from is affirmed.