FRANK A. BRODINE ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

143 N. W. 2d 361

Filed June 17, 1966. No. 36249.

O. A. Drake, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., and Thomas H. Dorwart, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and SCHEELE, District Judge.

SCHEELE, District Judge.

The defendant, State of Nebraska, Department of Roads, instituted condemnation proceedings before the county judge of Buffalo County to condemn and prohibit all rights of ingress and egress over a line located in certain land owned by the plaintiffs as joint tenants and located in Section 28, Township 9 North, Range 18 West of the 6th P.M. in Buffalo County, Nebraska. Plaintiffs admit that they own a tract of about 5 acres in said section which they had acquired by warranty deed in 1944, which deed used a metes and bounds description.

Instead of using the metes and bounds description by which plaintiffs acquired title to the tract, defendant in the condemnation proceedings described a portion of "Tax Lot 42" located in the west half of said section. A map or diagram accompanied this description.

In their amended petition in the district court the plaintiffs alleged that they were the owners of the property described by the metes and bounds description by which they acquired title and that no Tax Lot 42 was ever established, platted, or dedicated of record to the public in said Section 28 by an original government survey, by any owner or by any person who was legally authorized to do so.

In its amended answer defendant alleged that the plaintiffs were the owners of the property described by metes and bounds as alleged by plaintiffs and further alleged that this property so described is also known

as Tax Lot 42 located in the southeast quarter of the northwest quarter of said section. Defendant further alleged that on February 27, 1964, the plaintiffs conveyed by warranty deed to the State of Nebraska a tract of land located in Tax Lot 42 in the west half of said section consisting of .71 acres for right-of-way purposes which was also a part of the same property owned by plaintiffs.

On the foregoing issue a hearing was had to the court alone, jury trial having been waived. The trial court held that the description used by the defendant was sufficient for the purpose as between the parties and descriptive enough to locate the land in question for the purpose of this action. The case was set for jury trial on the question of damages.

The plaintiffs filed objections to proceeding to jury trial on this issue and moved to dismiss the condemnation proceedings. On the date set for jury trial the plaintiffs refused to adduce any evidence on the issue of damages and renewed their objection to trial and motion to dismiss. The trial court thereupon overruled plaintiffs' objection and motion and entered judgment affirming the award of the appraisers in the county court.

The sole question raised in this appeal is whether or not the description of the plaintiffs' property used in the condemnation proceedings is sufficient to confer jurisdiction. Plaintiffs claim that it is not and that the entire proceedings are void.

It is contended by the plaintiffs that the original government survey made in 1868 and recorded in the office of the register of deeds of Buffalo County contains no reference to Tax Lot 42 and is the only plat involving Section 28 that has been recorded, and that Tax Lot 42 does not exist.

At the hearing in the trial court on the issue of the sufficiency of the description, the deputy county surveyor testified that tax lot numbers have appeared on the surveyor's records since prior to 1912. A map which was

prepared by him in 1963 from records on file in his office, which showed various tax lots, including Tax Lot 42, was received in evidence. This map was based in part on a plat and attached field notes taken from the original surveyor's record book. The witness located on the map the place of beginning of the metes and bounds description contained in the deed by which plaintiffs acquired title to the land and traced out the metes and bounds description contained in said deed on the map. He then testified that the legal description as given in the deed and Tax Lot 42 as shown on the map were one and the same piece of property.

The county assessor testified that Tax Lot 42 appeared on his records of real estate assessments. These records for the years 1954 through 1964 show Tax Lot 42 has been assessed in the names of the plaintiffs and that .71 acres of this tract was sold to the State in 1964. The assessor testified that he could locate Tax Lot 42 from the legal description contained in plaintiffs' deed.

The county treasurer testified that Tax Lot 42 appears on the tax ledger sheets in his office. The ledger for the years 1958 through 1965 listed plaintiffs as the owners of Tax Lot 42 and showed the assessed values and the amount of taxes levied and collected on said lot for those years. The treasurer testified that he could locate Tax Lot 42 on the maps in the register of deeds' office.

On October 1, 1963, plaintiffs entered into a right-of-way contract with the State of Nebraska for the sale of land located in said section. This contract contained a parenthetical reference to Tax Lot 42. On February 27, 1964, plaintiffs executed a warranty deed conveying the tract referred to in the contract to the State of Nebraska. This deed described a .71-acre tract of land located in Tax Lot 42 in said section. Both of these instruments were received in evidence.

In Blue River Power Co. v. Hronik, 112 Neb. 500, 199 N. W. 788, it was stated: "There is little, if any, conflict in the decisions of any of the courts with respect to

the fact that the petition by which such proceedings are instituted must accurately describe the property sought to be taken and that such a description is necessary to confer jurisdiction. This in our judgment does not mean meticulous accuracy, but substantial accuracy—that certainty by means of which a reasonably competent person could take the instrument and therefrom, aided by such inquiries as it suggests, locate the identical property."

In Consumers Public Power Dist. v. Eldred, 146 Neb. 926, 22 N. W. 2d 188, this court again reiterated the principle that the property to be taken must be described with a reasonable degree of accuracy and that such description is necessary to confer jurisdiction. In the opinion the court approved the following statement: "This does not mean the exactness required by deeds of conveyance but substantial accuracy and a certainty by reason of which the identical property can be definitely located." See, also, Kansas-Nebraska Natural Gas Co. v. Village of Deshler, 192 F. Supp. 303, affirmed 288 F. 2d 717.

In Fremont, E. & M. V. R. R. Co. v. Mattheis, 39 Neb. 98, 57 N. W. 987, the description contained in the petition plus "an accompanying plat" was held sufficient to confer jurisdiction.

The description of plaintiffs' property which was used by defendant in the condemnation proceedings was accompanied by a map of Tax Lot 42 to which it referred. This map showed the quarter section line together with the lot lines. It showed a small outline of the entire section.

The issue raised by the pleadings in this case was simply whether the metes and bounds description by which plaintiffs acquired title and the tax lot description used by the defendant did in fact describe the same property. If they did, then certainly plaintiffs cannot claim to have been misled or deceived by the description used. If they did, then plaintiffs would know the exact location of the line located on their property over which defend-

ant proposed to prohibit all rights of ingress and egress without reference to anything outside of the pleadings and the attached map. Plaintiffs are hardly in a position to claim that they were confused or deceived as to where defendant claimed that line was located.

The evidence offered by the defendant simply tended to establish the allegations of defendant that there was a Tax Lot 42 of public record and that it described the exact tract of land owned by the plaintiffs under their metes and bounds description.

In view of the record here presented, plaintiffs cannot seriously contend that they could not determine with a reasonable degree of accuracy from the description used and the accompanying map the control of access that the defendant intended to acquire. We hold that the description used in the pleadings together with the attached map are sufficiently accurate and that they afford that certainty by which a reasonably competent person could take them and locate the identical property.

The trial court in effect came to the same conclusion and we affirm its judgment.

AFFIRMED.