STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT,
v. DEWEY C. DAY ET AL., APPELLEES.

147 N. W. 2d 919

Filed January 27, 1967. No. 36381.

Clarence A. H. Meyer, Attorney General, Harold S.
Salter, and Warren D. Lichty, Jr., for appellant.

William H. Meier, Jesse T. Adkins, and Ward W. Minor, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and LYNCH, District Judge.

SPENCER, J.

The only question involved herein is whether a condemnation for a permanent easement for the control of outdoor advertising extended for 660 feet from the main-traveled way of Interstate Highway No. 80, or whether it extended from the edge of the right-of-way.

Dewey C. Day and Laura Kirk Day are life tenants of real estate located along the north exit road to Minden, Nebraska, on the Interstate. Harold Warp, owner of Pioneer Village at Minden, is the lessee of advertising rights on a barn on said premises which the State contends is within the area of the easement secured by a condemnation of outdoor advertising rights. The barn is approximately 28 feet within the easement if the easement extends from the edge of the right-of-way.

Subsequent to the condemnation, directional signs for Pioneer Village were painted on the barn. This action is to enjoin that advertising. The trial court determined that an ambiguity existed in the condemnation of the outdoor advertising easement, and specifically found that the written part of the condemnation is such that the 660 feet should be measured from the center of the Interstate, rather than the edge of the right-of-way. The State has perfected an appeal to this court.

The written part of the condemnation is exhibit No. 15. The pertinent portion thereof is as follows: "Permanent easement to a tract of land for the control of outdoor advertising as illustrated on the attached plat and being more particularly described as all that part of Lots 6, 7, and the West 26.74 Acres of Lot 8 in Section 6 and land accreted thereto, Township 8 North, Range 14 West of the 6th P.M., Buffalo County, Nebraska, lying within 660 feet of the Interstate Highway Right of Way Con-

trolled Access lines as measured at right angles to the centerline of said Interstate Highway and being in accordance with the Rules and Regulations Relating to the Control of Advertising in Areas Adjacent to the National System of Interstate and Defense Highways in Nebraska, * * * "

We do not agree that there is any ambiguity in exhibit No. 15. There is no question the plat attached shows the area condemned to extend for 660 feet from the edge of the access road off the Interstate. When a petition in condemnation is accompanied by a plat or map, the plat or map should be used as an aid in the construction of the petition. See, Fremont, E. & M. V. R.R. Co. v. Mattheis, 39 Neb. 98, 57 N. W. 987; Brodine v. State, 180 Neb. 433, 143 N. W. 2d 361.

Ignoring for the moment the words "as illustrated on the attached plat" we are still unable to find any ambiguity. The language referred to is "lying *within* 660 feet of the Interstate Highway Right of Way Controlled Access lines." (Emphasis supplied.) "Within" refers to the area embraced in the 660 feet. "Controlled Access lines" refers to the lines bordering access roads. This is exactly what is designated on the plat. The controlled access lines shown on the plat are the edge of the Interstate right-of-way. The sign painted on the barn is 632.2 feet from the controlled access line. The reference "as measured at right angles to the centerline" of the Interstate is merely to prescribe the method of the measurement of the 660 feet from the right-of-way controlled access line.

Appellees urge that the intent of our statute is to limit condemnation to that area reasonably necessary to qualify for the payments authorized by 23 U. S. C. A., § 131, p. 59, as shown by sections 39-1320 (2) (m), 39-1320.01, and 39-1320.03, R. S. Supp., 1965. Section 39-1320 (2) (m), R. S. Supp., 1965, is as follows: "The control of outside advertising within the area adjacent to and within six hundred sixty feet of the edge of the right-of-way

of the National System of Interstate and Defense Highways constructed upon any part of right-of-way the entire width of which is acquired subsequent to July 1, 1956, to the end that this state may qualify for and accept the provisions of 23 United States Code 131, as amended."

Appellees argue it is not reasonable or necessary to require the taking of an outdoor advertising easement for more than 660 feet from the right-of-way of the main-traveled portion of the Interstate. They would exclude access roads located within the right-of-way from consideration. However, the statute provides that the easement shall be from the edge of the right-of-way, not from the edge of the main-traveled portion of the Interstate. Appellees do not deny that the access road is located on the right-of-way acquired for the construction of the Interstate. They infer, however, that they are discriminated against because of the access road. Here the barn is more than 1,000 feet from the main-traveled portion of the Interstate.

Adopting the premise that their interpretation would conform to the federal law and the agreement between the State and the federal government, appellees assert the condemnation was more extensive than was necessary. We do not accept their premise, so there is no need to discuss their contention. There may be some logic to appellees' position. It would provide more uniformity on the extent of advertising easements throughout the length of the Interstate, but the law is otherwise. To read into the statute the words "main-traveled portion" would be to write an amendment into the law. This we cannot do. The law is plain and unambiguous.

We reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.