RODNEY G. ZWYGART, APPELLANT, V.
STATE BOARD OF PUBLIC ACCOUNTANCY
OF THE STATE OF NEBRASKA, APPELLEE.
699 N.W.2d 362

Filed June 24, 2005.    No. S-04-598.

Robert F. Bartle, of Bartle & Geier Law Firm, for appellant.

Robert T. Grimit, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Rodney G. Zwygart appeals from the judgment of the district court for Lancaster County affirming the revocation of his license to practice as a certified public accountant in Nebraska by the Nebraska State Board of Public Accountancy (the Board). Zwygart also appeals the district court's finding that he must pay the costs of the proceedings, including attorney fees and expenses.

## BACKGROUND

Zwygart received his license to practice as a certified public accountant (C.P.A.) in the State of Nebraska in the 1970's. In 1997, two lawsuits were filed against him in the district court for Madison County alleging fraudulent acts and violation of duties as a corporate officer. The lawsuits involved two closely held corporations which owned and operated four liquor stores. Zwygart was a shareholder and officer of the corporations and maintained the books and records for the corporations. On September 1, 1998, the district court found that Zwygart had perpetrated a fraud on a former shareholder and had violated his fiduciary duty to another shareholder as a result of his fraudulent act. The district court entered judgment against Zwygart in the consolidated cases, and this court affirmed the judgment in a memorandum opinion on September 18, 2002. *Fauss v. Norfolk Avenue Liquor Mart*, 264 Neb. xxi (Nos. S-01-696, S-01-697, Sept. 18, 2002).

On February 14, 2003, the Board filed a formal complaint against Zwygart under Neb. Rev. Stat. § 1-137 (Reissue 1997). Section 1-137 provides that the Board may suspend, revoke, or censure a licensee for cause, including "(2) Dishonesty, fraud, or gross negligence in the practice of public accountancy" and "(4) Violation of a rule of professional conduct adopted and promulgated by the board under the authority granted by the act." The complaint asserted that Zwygart violated the Board's rules and regulations which prohibit, inter alia, committing an act that

reflects adversely on a licensee's fitness to engage in the practice of public advocacy. 288 Neb. Admin. Code, ch. 5, § 007.01 (1999).

An amended complaint filed on May 16, 2003, alleged that two lawsuits were filed against Zwygart and that Zwygart was found to have perpetuated a fraud on a former shareholder and violated his fiduciary duty to another shareholder. The complaint further alleged:

The facts related to the conduct of [Zwygart] with respect to [the shareholders] and other business entities are set forth in detail in the opinion of the District Court of Madison County, Nebraska and in the opinion of the Supreme Court . . . and are incorporated herein by reference. Additionally, [Zwygart] was engaged in business relationships with [the shareholders] and related business entities and [Zwygart] performed professional services for both of those individuals and for each of the related business entities. In his capacity as a CPA, [Zwygart] performed professional services for those individuals and the various business entities required and included the use of his accounting or auditing skills including, but not limited to, the preparation of financial statements and one or more kinds of management advisory or consulting services, the preparation of tax returns, and the furnishing of advice on tax matters. [Zwygart] also kept the corporate and business records for said business entities and prepared the necessary documents for filing with regulatory authorities which included the Nebraska Secretary of State and the Nebraska Liquor Control Commission. The conduct of [Zwygart] was not limited to [Zwygart's] activities as a shareholder in one or more of the business entities. [Zwygart] utilized his knowledge gained as the CPA for said individuals and business entities to further his interests as a stockholder in the business entities and [Zwygart] utilized information gained from income tax returns prepared for [one shareholder] to further [Zwygart's] interests as a shareholder. Furthermore, [Zwygart] disclosed confidential tax and financial information of [one shareholder] obtained in the course of performing professional services without the consent of [the shareholder].

On July 16, 2003, a formal hearing was held on the Board's complaint against Zwygart, and on September 5, the hearing officer issued his findings of fact and conclusions of law. The hearing officer found that the record contained sufficient evidence to support a finding that the acts committed by Zwygart reflected adversely on his fitness to engage in the practice of public accountancy and that Zwygart had violated § 1-137(2) and (4) and the Board's rules and regulations. On September 15, the Board adopted the hearing officer's findings, and entered an order revoking Zwygart's C.P.A. certificate and permit to practice and assessed to Zwygart the costs of the proceedings, which included the fees and expenses of the Board's prosecutor and hearing officer.

On September 16, 2003, the Board vacated its September 15 order and scheduled an additional hearing for November 5 on the matter of attorney fees and other expenses. On November 6, the Board issued a second order. In this order, the Board again adopted the hearing officer's findings, and found that pursuant to Neb. Rev. Stat. § 1-148(8) (Reissue 1997), it was authorized to assess to Zwygart the costs of the proceedings. The Board also ordered the revocation of Zwygart's C.P.A. certificate and permit to practice and ordered Zwygart to pay the costs of the proceedings, including the fees and expenses of the Board's prosecutor and hearing officer.

Zwygart petitioned for review of the Board's decision in the district court for Lancaster County. In an order dated May 4, 2004, the district court stated:

> [Zwygart] has failed to establish that substantial rights of [Zwygart] were prejudiced by the Board as required by NEB. REV. STAT. §84-917. There is no showing that the decision violates constitutional provisions, exceeds statutory authority or agency jurisdiction, was made upon unlawful procedure, was affected by other error of law, was unsupported by competent material and substantial evidence, or was arbitrary or capricious.

The language employed by the district court is nearly identical to Neb. Rev. Stat. § 84-917(6)(a) (Reissue 1999), which sets forth the standard of review for petitions filed in the district before July 1, 1989. For appeals after that date, the district court's standard

of review is de novo on the record, and the term "substantial rights" is no longer utilized as a basis of determining if the petition may have been prejudicial because of the agency decision. § 84-917(6)(b).

Following the district court's decision, Zwygart perfected this timely appeal, which we moved to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1105(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Zwygart assigns that the district court erred (1) in affirming the finding of the Board and (2) in finding that Zwygart failed to establish that his substantial rights were prejudiced by the Board.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Nebraska Liq. Distrib. v. Nebraska Liq. Cont. Comm.*, 269 Neb. 401, 693 N.W.2d 539 (2005).

When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* When reviewing a question of law, an appellate court reaches a conclusion independent of the district court's ruling. See *In re Grand Jury of Lancaster Cty.*, 269 Neb. 436, 693 N.W.2d 285 (2005).

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *McClure v. Forsman*, 266 Neb. 90, 662 N.W.2d 566 (2003). Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *In re Interest of Mainor T. & Estela T.*, 267 Neb. 232, 674 N.W.2d 442 (2004).

## ANALYSIS

In order to dispose of this appeal, we need not address the specific facts of the case. See *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997). In *Law Offices of Ronald J. Palagi*, the district court reviewed the decision of the Nebraska Appeal Tribunal under the standard set forth in § 84-917(6)(a), which limits the district court's review for a review proceeding commenced before July 1, 1989. For review proceedings commenced after July 1, 1989, § 84-917(5)(a) specifies that the district court shall conduct a de novo review on the record. After noting that the district court was obliged to make an independent determination of the facts without reference to those made by the Nebraska Appeal Tribunal, we held that because the review committee proceeding was commenced after the due date upon which a new standard for review proceedings was established, the district court's use of a limited standard of review on appeal without reference to the determination of facts made by tribunal was plain error requiring remand for a de novo review of the record.

This case is identical in all relevant respects to *Law Offices of Ronald J. Palagi v. Dolan, supra.* The district court erroneously limited its review, even though it was required to conduct a de novo review of the record pursuant to § 84-917(5)(a). This constitutes plain error and requires that the cause be remanded to the district court for a de novo review of the record.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

GERRARD, J., not participating.