PAPIO-MISSOURI RIVER NATURAL RESOURCES DISTRICT,
APPELLANT, v. WILLIE ARP FARMS, INC., AS
SUBSTITUTE FOR BRENT ARP, APPELLEE.

739 N.W.2d 776

Filed October 2, 2007.    No. A-05-1387.

Paul F. Peters, P.C., L.L.O., of Taylor, Peters & Drews, for appellant.

Gregory P. Drew and David V. Drew, of Drew Law Firm, for appellee.

Irwin, Sievers, and Cassel, Judges.

Sievers, Judge.

Papio-Missouri River Natural Resources District (Papio-Missouri) appeals from the decision of the district court for Washington County which granted Brent Arp's motion to substitute Willie Arp Farms, Inc., as condemnee in Papio-Missouri's appeal from the county court award made to Brent for the taking of certain farm property in an eminent domain proceeding. We find that the district court improperly allowed Willie Arp Farms to be substituted for Brent as condemnee, and we therefore vacate the jury's award to Willie Arp Farms.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a Washington County farm owned by Wright Investments, Inc., and leased to Willie Arp Farms. The verbal lease is for a 50-50 crop share and automatically renews every year without either party taking any action. Willie Arp, individually, began farming the land in the late 1950's. Willie Arp Farms was established in 1975. Willie Arp Farms consisted of Willie, his wife, and their son, Brent. After Willie's death, Brent and his mother continued as shareholders. Brent is the vice president and treasurer of Willie Arp Farms, and Brent is also the only employee of Willie Arp Farms.

The leased land became part of an eminent domain proceeding in May 2001. On May 16, Papio-Missouri filed its "Petition for Appointment of Appraisers," naming Wright Investments as the sole condemnee. The amended petitions for appointment of appraisers, filed on June 4 and 6, also named "Brent Arp, tenant," as a condemnee. The county court "Report of Appraisers" was filed on July 2. By reason of the taking of the property by Papio-Missouri, Wright Investments was awarded the sum of $630,233 and Brent was awarded the sum of $10,096.

On July 19, 2001, Papio-Missouri filed its notice of appeal from the report of the appraisers. On November 30, Papio-Missouri filed its petition on appeal, alleging that the awards made by the board of appraisers "greatly exceeded" the damages sustained by Wright Investments and Brent as a result of the taking. Papio-Missouri's appeal from the $630,233 award to Wright Investments was subsequently settled without trial and is not part of this appeal.

On March 4, 2002, Brent filed his answer to the petition on appeal and admitted the petition's allegations that the condemned property was leased by Brent. Brent asked that the district court award him (1) damages arising out of the taking and (2) attorney fees pursuant to Neb. Rev. Stat. § 76-720 (Reissue 2003).

In a deposition taken November 20, 2002, Brent testified that Willie Arp Farms was the farm tenant of the subject property for the 2001 fiscal year. Brent testified that he is the vice president, the treasurer, and an employee of Willie Arp Farms. On December 13, Papio-Missouri filed a motion for summary judgment against Brent, alleging that there was no genuine issue as to any material fact and that Papio-Missouri was entitled to "an adjudication as a matter of law" because Brent "did not have a leasehold or other compensable interest in the property taken or involved in this case." On January 6, 2003, Brent filed a "Motion to Substitute Defendant," asking the court for an order substituting Willie Arp Farms for Brent as condemnee. On March 14, the district court filed its order (1) sustaining Brent's motion to substitute defendant and (2) overruling Papio-Missouri's motion for summary judgment.

On April 14, 2003, Papio-Missouri filed a "Motion for Leave to File Amended Petition on Appeal" that would have deleted

the previous allegation that the property was under lease to Brent and instead would have alleged that Brent was not the tenant and had no interest in the property taken. In its order filed on May 29, the district court found that the order of March 14, 2003, was not intended to create a new cause of action, but merely allowed a substitution of parties. Thus, the district court denied Papio-Missouri's motion to file an amended petition on appeal.

On March 3, 2004, Papio-Missouri filed an amended motion in limine asking the court for an order prohibiting Brent, or Willie Arp Farms, from introducing evidence of, or in any way referring to, crop damages. On March 16, Willie Arp Farms filed a motion in limine asking the court for an order prohibiting Papio-Missouri from (1) producing any evidence regarding crop production after the date of taking, June 6, 2001, and (2) producing any evidence in any way implying that Willie Arp Farms was not entitled to the full compensation determined to be due for tenant's interest. In an order filed on May 25, 2004, the district court found that "each of the pending motions in limine should be, and hereby is, overruled."

Immediately prior to trial on May 18, 2005, Willie Arp Farms orally renewed its motion in limine, asking that "all parties be prohibited from introducing any evidence of actual crop production for the years 2001 and subsequent," because "the law indicates that damages have to be assessed as of the date of the filing of the condemnation petition, which in this case was June 6th of 2000." The district court sustained Willie Arp Farms' motion in limine.

Trial was held on May 18, 2005. Papio-Missouri's motion for directed verdict was overruled by the district court orally and in the court's minutes. A jury verdict "for the Condemnee" (which, by the time of trial, was Willie Arp Farms) was rendered on May 18 in the amount of $14,000. The district court accepted the verdict and entered judgment thereon.

On May 20, 2005, Papio-Missouri filed a motion for judgment notwithstanding the verdict, reasoning as follows: (1) The evidence showed that Brent did not have a leasehold or other interest in the property taken by Papio-Missouri in the eminent domain proceedings, and therefore, Brent was not entitled to the

award of $10,096, and (2) Willie Arp Farms had the burden of proof, and there was no evidence of damages from the taking upon which the jury could have properly proceeded to find a verdict for more than nominal damages. On July 20, the district court entered an order overruling Papio-Missouri's motion for judgment notwithstanding the verdict.

On October 14, 2005, the district court ordered Papio-Missouri to pay attorney fees in the amount of $11,500.14 to the attorney for the "[c]ondemnee." Papio-Missouri now appeals.

## ASSIGNMENTS OF ERROR

Papio-Missouri alleges that the district court erred in (1) sustaining condemnee Brent's motion to substitute defendant and permitting Willie Arp Farms to substitute for condemnee Brent in Papio-Missouri's appeal from the county court award made to condemnee Brent, (2) refusing to allow Papio-Missouri to amend its petition on appeal, (3) overruling Papio-Missouri's motion in limine and permitting Willie Arp Farms to offer evidence of fictional or theoretical damages to the crops growing on the condemned property as of the date of the filing of the eminent domain proceedings, (4) sustaining Willie Arp Farms' motion in limine and prohibiting Papio-Missouri from introducing evidence that the crops growing on the condemned property as of the date of the filing of the eminent domain proceedings were subsequently harvested by Willie Arp Farms, (5) overruling Papio-Missouri's motions for directed verdict and judgment notwithstanding the verdict, and (6) awarding attorney fees to the attorney for the "condemnee."

## STANDARD OF REVIEW

A condemnation action is reviewed as an action at law, in connection with which a verdict will not be disturbed unless it is clearly wrong. *Curry v. Lewis & Clark NRD*, 267 Neb. 857, 678 N.W.2d 95 (2004).

## ANALYSIS

In an appeal from the award of appraisers in a condemnation proceeding, "[t]he appeal shall be tried de novo in the district court." Neb. Rev. Stat. § 76-717 (Reissue 2003). "After entry of final judgment in the district court on the appeal, a

certified copy thereof shall be prepared and transmitted by the clerk of the district court to the county judge." Neb. Rev. Stat. § 76-718 (Reissue 2003). Though it was decided under a prior statute, we take note of *Jensen v. Omaha Public Power Dist.,* 159 Neb. 277, 283, 66 N.W.2d 591, 596 (1954), wherein the Nebraska Supreme Court said:

> It is well established, in an action of this kind, the function of the county court is as described in Higgins v. Loup River Public Power Dist., 157 Neb. 652, [657, 661,] 61 N. W. 2d 213, [216, 218 (1953),] as follows: "The procedure in the county court contemplates an informal hearing by the appraisers, a view of the lands, no record of the testimony, and a report of damages assessed to be filed subject only to the right of appeal, not to confirmation by the appointing court. . . . On appeal to the district court from the appraisement of damages, if other issues than the question of damages are involved, they must be presented by proper pleadings." See, also, Scheer v. Kansas-Nebraska Natural Gas Co., 158 Neb. 668, 64 N. W. 2d 333 [(1954)].
>
> The securing of an appraisal of damages by appraisers appointed by the county judge is an administrative act as distinguished from a judicial proceeding. The method of appeal is procedural only and contemplates a complete new trial upon pleadings to be filed as in the case of an appeal from the county court. The present appeal statute contemplates the filing of pleadings and the framing of issues for the first time in the judicial proceedings in the district court. See Scheer v. Kansas-Nebraska Natural Gas Co., *supra.*

Therefore, we now review the district court's "new trial" of the eminent domain proceedings in this case.

*Substitution of Parties.*

Brent was listed as the tenant of the subject property from the time the amended petitions for appointment of appraisers were filed on June 4 and 6, 2001. During its appeal to the district court, Papio-Missouri discovered that Willie Arp Farms, and not Brent, was the tenant of the subject property in this

case. In a deposition taken November 20, 2002, Brent testified that Willie Arp Farms was the farm tenant of the subject property for the 2001 fiscal year. Brent testified that he is the vice president, the treasurer, and an employee of Willie Arp Farms. Following the deposition, on December 13, Papio-Missouri filed a motion for summary judgment against Brent, alleging that there was no genuine issue as to any material fact and that Papio-Missouri was entitled to "an adjudication as a matter of law" because Brent "did not have a leasehold or other compensable interest in the property taken or involved in this case." Brent subsequently filed a "Motion to Substitute Defendant," asking the court for an order substituting Willie Arp Farms for Brent as condemnee. The district court sustained Brent's motion to substitute defendant and overruled Papio-Missouri's motion for summary judgment. Papio-Missouri argues that the district court erred in sustaining condemnee Brent's motion to substitute defendant and in permitting Willie Arp Farms to substitute for condemnee Brent in Papio-Missouri's appeal from the county court award made to condemnee Brent.

Papio-Missouri argues that the district court should not have allowed Willie Arp Farms to be substituted for Brent, because it was up to Papio-Missouri to condemn the interest of Willie Arp Farms if Papio-Missouri so desired, and that the district court could not compel Papio-Missouri to condemn the interest of Willie Arp Farms. Furthermore, Papio-Missouri submits that since the taking did not include Willie Arp Farms as a named condemnee, Papio-Missouri did not extinguish whatever interest Willie Arp Farms had in the property taken, and that if Willie Arp Farms felt it sustained damages as a result of the taking, Willie Arp Farms could pursue a cause of action against Papio-Missouri for inverse condemnation.

Papio-Missouri argues that Brent's award and any award involving Willie Arp Farms would be completely separate and distinct matters under Nebraska law. In support of its position, Papio-Missouri cites the proposition in *Grace Land & Cattle Co. v. Tri-State G. & T. Assn., Inc.*, 191 Neb. 663, 665, 217 N.W.2d 184, 186 (1974), that "the awards to the various condemnees are several and should be separately determined by the appraisers in their report."

██ We agree with Papio-Missouri that a condemnee cannot be "forced" on it. In *Consumers Public Power District v. Eldred*, 146 Neb. 926, 942, 22 N.W.2d 188, 197 (1946), the Nebraska Supreme Court said:

> In Nichols on Eminent Domain, (2d ed.) Vol. 2, Par. 403, p. 1074, it is said: "It is the duty of a corporation seeking to acquire land by eminent domain to ascertain the state of the title so that it may designate in its petition and make parties respondent or defendant all persons or corporations having any such interest in the property sought to be taken as will entitle them under the constitution or laws of the state to compensation for the taking."
>
> The effect, according to Nichols, Eminent Domain, (2d ed.) Vol. 2, Par. 404, p. 1075, is that: "It is generally held that, when the condemnation of land is effected by judicial decree, failure to designate in the petition and to make a party respondent the owner of any interest in the land taken whose title appears of record or is otherwise ascertainable on reasonable inquiry renders the proceedings ineffectual to transfer such interest to the condemning party . . . ."

██ Papio-Missouri had the right to decide whose interest it would condemn. Because Papio-Missouri did not choose to condemn Willie Arp Farms' interest in the property, Willie Arp Farms remained the "owner" and "possessor" of whatever interest it had in the land at issue—which interest the record suggests was at best a tenant's interest in growing crops. If Willie Arp Farms was damaged by Papio-Missouri's taking of Wright Investments' interest in the land, then Willie Arp Farms has the right to pursue a cause of action against Papio-Missouri for inverse condemnation to collect such damage. Inverse condemnation has been characterized as an action or eminent domain proceeding initiated by the property owner rather than the condemnor, and has been deemed to be available where private property has been actually taken for public use without formal condemnation proceedings and where it appears that there is no intention or willingness of the taker to bring such proceedings. *Krambeck v. City of Gretna*, 198 Neb. 608, 254 N.W.2d 691 (1977). While the property owner cannot compel the return of the property taken, because of the eminent domain power of the

condemnor, he has a constitutional right, as a substitute, to just compensation for what was taken. *Id.*

We note that in its brief, Willie Arp Farms relies on Neb. Rev. Stat. § 25-852 (Reissue 1995) and the case law related to such statute in support of its position that the district court correctly allowed Willie Arp Farms to be substituted for Brent, the named condemnee. However, § 25-852 was repealed by 2002 Neb. Laws, L.B. 876, operative January 1, 2003. And, "[w]here there has been an amendment to a statute which was a procedural change and not a substantive change, upon the effective date of the amendment, it is binding upon a tribunal." *Jackson v. Branick Indus.*, 254 Neb. 950, 956, 581 N.W.2d 53, 56 (1998). Brent did not file his motion to substitute until January 6, 2003, 6 days after § 25-852 had been repealed. Thus, he could not rely on such statute to substitute Willie Arp Farms for himself as condemnee in the appeal. Thus, the repealed statute, § 25-852, and precedent utilizing it do not support the district court's action.

*Plain Error.*

▉▉▉▉▉ Although not assigned as error by Papio-Missouri, we necessarily must examine whether the district court committed plain error when it overruled Papio-Missouri's motion for summary judgment, because the erroneous substitution has the effect of making Brent a party who holds an appraiser's award of $10,096—an appraiser's award has the effect of a judgment. See *Grace Land & Cattle Co. v. Tri-State G. & T. Assn., Inc.*, 191 Neb. 663, 217 N.W.2d 184 (1974) (condemnee who does not appeal is bound by his award, because it has effect of judgment if unappealed from). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Zwygart v. State*, 270 Neb. 41, 699 N.W.2d 362 (2005). Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *Id.*

Papio-Missouri filed a motion for summary judgment against Brent, alleging that there was no genuine issue as to any material

fact and that Papio-Missouri was entitled to "an adjudication as a matter of law" because Brent "did not have a leasehold or other compensable interest in the property taken or involved in this case." The district court overruled Papio-Missouri's motion for summary judgment at the same time that it granted Brent's motion to substitute Willie Arp Farms as condemnee. At the time that the district court ruled on Papio-Missouri's motion for summary judgment, the court had in its possession the following: (1) Brent's affidavit stating that Willie Arp Farms was the tenant of the condemned real estate; (2) the affidavit of Stave Wright, a principal in Wright Investments, stating that "at all times material Willie Arp Farms . . . has been the tenant of the farm ground involved in the condemnation"; and (3) Brent's deposition, in which he testified that Willie Arp Farms was the farm tenant of the subject property for the 2001 fiscal year.

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Cerny v. Longley*, 270 Neb. 706, 708 N.W.2d 219 (2005). It is clear from the two affidavits and the deposition that Willie Arp Farms, not Brent, was the tenant of the farm ground involved in the condemnation. Thus, there was not a genuine issue of material fact and Papio-Missouri was entitled to judgment as a matter of law regarding its claim that Brent "did not have a leasehold or other compensable interest in the property taken or involved in this case." The district court's failure to grant Papio-Missouri's motion for summary judgment with respect to Brent was plain error, and of course, such error naturally followed from the improper substitution of Willie Arp Farms for Brent.

*Remaining Assignments of Error.*

Because we have already found that neither Brent nor Willie Arp Farms was a proper party to this case, we need not address Papio-Missouri's remaining assignments of error, save the award of attorney fees to the attorney for the "condemnee." See *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005) (appellate court is not obligated to engage in analysis

which is not needed to adjudicate case and controversy before it). Having concluded that neither Brent nor Willie Arp Farms was a proper party, we find that neither would be entitled to attorney fees. Therefore, we vacate the district court's October 14, 2005, award of attorney fees to the attorney for the "condemnee."

## CONCLUSION

For the reasons stated above, we find the district court improperly allowed Willie Arp Farms to be substituted for Brent as condemnee. We therefore vacate the jury's award to Willie Arp Farms. We also find that it was plain error for the district court to deny Papio-Missouri's motion for summary judgment regarding Brent.

Furthermore, because Papio-Missouri's motion for summary judgment against Brent should have been sustained and the substitution of Willie Arp Farms for Brent was improper, neither Brent nor Willie Arp Farms was entitled to an award of attorney fees. Therefore, we vacate the district court's October 14, 2005, award of attorney fees to the attorney for the "condemnee."

Consequently, we remand the cause to the district court with directions to vacate the jury's award to Willie Arp Farms, to vacate the award of attorney fees, and to enter summary judgment in favor of Papio-Missouri and against Brent.

REVERSED AND REMANDED WITH DIRECTIONS.