IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STUNKEL V. COUNTY OF DAWSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DOUGLAS A. STUNKEL AND 4-S, LLC, A NEBRASKA LIMITED LIABILITY COMPANY, APPELLANTS,

V.

COUNTY OF DAWSON, NEBRASKA, ET AL., APPELLEES.


Filed December 8, 2020.    No. A-19-1143.


Appeal from the District Court for Dawson County, JAMES E. DOYLE IV, Judge, on appeal thereto from the County Court for Dawson County, JEFFREY M. WIGHTMAN, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellants.

Katherine Kellogg Kühn, Deputy Dawson County Attorney, for appellee County of Dawson.

Shawn R. Eatherton, Buffalo County Attorney, and Andrew W. Hoffmeister for appellee County of Buffalo.

Michael J. Henry, Phelps County Attorney, for appellee County of Phelps.


PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

INTRODUCTION

Douglas A. Stunkel and 4-S, LLC (collectively the Appellants) filed an action against the counties of Dawson, Phelps, and Buffalo, alleging claims of inverse condemnation and constitutional taking and seeking declaratory and injunctive relief. The Dawson County Court dismissed the Appellants' second amended complaint for lack of subject matter jurisdiction and

- 1 -

for failure to state a claim upon which relief could be granted. The Appellants appealed from the county court to the district court for Dawson County, which sustained the counties' objections to discovery requests by the Appellants and affirmed the decision of the county court. The Appellants have appealed to this court from that decision. For the reasons set forth herein, we affirm the decision of the district court, which affirmed the county court's order of dismissal.

BACKGROUND

On April 27, 2016, the Appellants filed an action for statutory inverse condemnation pursuant to Neb. Rev. Stat. § 76-705 (Reissue 2018) in the county court, claiming that a regulatory taking occurred as a result of the defendants' failure to properly regulate land use. In addition to the counties, the complaint included as defendants John and Jane Doe 1 through 10, sued in their official and in their individual capacities, as agents and/or employees of the respective counties. These defendants were alleged to include, at least, the county commissioners, county surveyors, county engineers, county assessors, and county treasurers. We have referred to the various defendants collectively as "the Appellees."

The complaint was amended twice following motions to dismiss by the counties. The second amended complaint (the operative complaint) alleged that the Appellants owned real property in Dawson and Buffalo Counties, which included Platte River accretion ground. The Appellants alleged that the northern boundary of Phelps County, and the southern boundaries of Dawson and Buffalo Counties, have all historically been defined by the waters of the Platte River. The Appellants alleged that the counties failed to make boundary reviews and surveys in order to enforce the integrity of their boundaries, and failed to maintain proper records and accurately assess taxes on the properties situated adjacent to the boundaries of the respective counties, including the Appellants' property, as required by Neb. Rev. Stat. § 77-1306.01 (Reissue 2018). (The operative complaint also listed numerous other statutes not at issue in this appeal.) The Appellants alleged that the counties adopted, de facto, regulatory schemes with regard to the preservation, maintenance, and protection of each of their boundaries, allowing their boundaries to be essentially unregulated for the supposed public benefit by avoiding the monetary expense of conducting surveys.

The Appellants alleged that the actions and inactions of the Appellees severely restricted the use, ownership, extent, and value of their property. Specifically, the Appellants alleged that they have lost the equivalent of 347 acres of unimproved lands along the southern boundaries of their property, and that their lender required them to sell the property as the loan collateral (the real property) had become insufficient. The Appellants alleged that these actions amounted to a taking under § 76-705 and Neb. Const. art. I, § 21. The Appellants sought a declaration pursuant to the Nebraska Declaratory Judgment Act that the Appellees' actions are ultra vires, void and in excess or derogation of their authority; temporary and final injunctive relief; an order requiring the Appellees to properly determine and maintain proper county boundaries and tax rolls; damages for the loss of value and harm to the Appellants' real property and business operations; and other relief including reasonable attorney fees.

Each of the defendant counties filed motions to dismiss the second amended complaint under Neb. Ct. R. Pldg. § 6-1112(b)(1) and (6).

On January 12, 2018, the county court entered its final order dismissing the second amended complaint with prejudice. The court first addressed the lack of subject matter jurisdiction under § 6-1112(b)(1). The court referred to its August 11, 2017, order (which dismissed the amended complaint with leave to amend) and reiterated its holdings therein. In the August 2017 order, the court held that it lacked subject matter jurisdiction over matters relating to the assessment, valuation, and levying of taxes, and/or refunding taxes. The court held that "[t]hese matters and other matters related to taxes, found within Chapter 77 of the Nebraska Revised Statutes, are reserved for the county board of equalization, the Property Tax Administrator, and the Nebraska Tax Equalization Commission (TERC)." The county court further held that neither the county court nor the district court had subject matter jurisdiction over the allegations made under § 77-1306.01 regarding the counties' obligation to conduct surveys and maintain tax rolls, and neither court could enforce those obligations.

The county court, in the final order, further found that the second amended complaint again failed to state a claim for relief for inverse condemnation as the allegations were conclusory and did not allege that the Appellants' property was "taken or damaged for public use." The court concluded that any further attempts to amend the complaint would be futile and determined that the Appellants would not be allowed to further amend their complaint. The Appellants filed a motion to alter or amend the order, which was overruled on April 23.

On April 24, 2018, the Appellants filed a notice of appeal from the orders of the county court. On June 13, the Appellants filed a "Petition On Appeal" in the district court. After setting forth the procedural history of the inverse condemnation action, the petition alleged that the county court should have proceeded according to the condemnation statutes by appointing a board of appraisers to fix damages, as opposed to making determinations about whether a taking had occurred for public use or purpose. The petition then set forth virtually identical statutory claims, allegations, and claims for relief as contained in the operative complaint which had been dismissed.

Thereafter, the Appellants propounded discovery requests to the Appellees, who each moved for a protective order. At the hearing on the motions, the Appellants asserted that the appeal was governed by the condemnation statutes, specifically Neb. Rev. Stat. § 76-715 (Reissue 2018), such that they were entitled to a trial "de novo in the district court." In its order entered on May 30, 2019, the district court disagreed, finding that the case was decided in the county court on the Appellees' motions to dismiss for failure to state a claim for relief, not on the merits of the condemnation claim. The district court found that, as an appellate court, it was to review the case for error appearing on the record of the county court, pursuant to Neb. Rev. Stat. § 25-2733 (Reissue 2016). Finding that discovery is not a part of such a proceeding, the court granted the motions for protective orders and quashed the discovery propounded by the Appellants. The district court went on to find that the Appellants did not file a statement of errors within 10 days of the filing of the bill of exceptions in the district court as required by Neb. Ct. R. § 6-1452(A)(7) (rev. 2011). Therefore, it determined that its review of the appeal would be limited to "plain error not assigned" with such review conducted pursuant to § 25-2733.

On October 31, 2019, the district court entered a judgment affirming the county court's order of dismissal. The district court also dismissed the petition on appeal. In the judgment, the

court noted that it had considered all errors the Appellants claimed were committed by the county court and found none of those claims to have merit.

## ASSIGNMENTS OF ERROR

The Appellants' brief includes 11 assigned errors; however, they separately argue only four of those errors. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Cinatl v. Prososki*, 307 Neb. 477, 949 N.W.2d 505 (2020). The errors specifically assigned and specifically argued by the Appellants, as restated, are: (1) the county court erred in declining certification of the action to the district court, (2) the county court erred in failing to observe the statutory requirements for condemnation actions, (3) the district court erred in determining the appeal was to proceed pursuant to Neb. Rev. Stat. §§ 25-2728 to 25-2739 (Reissue 2016, Cum. Supp. 2018) instead of through § 76-715, and (4) the district court erred in finding that the Appellants were not entitled to conduct discovery on appeal to the district court.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

In this case, the district court determined in its May 2019 order that the Appellants did not file a statement of errors as required by § 6-1452(A)(7). See, also, Neb. Ct. R. § 6-1518. Ordinarily, in cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only. *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020). The purpose of § 6-1452(A)(7) is to specifically direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of what is specifically at issue in the appeal. *State v. Zimmerman*, 19 Neb. App. 451, 810 N.W.2d 167 (2012).

The Appellants argue that they did comply with this rule and note that they filed their notice of appeal in the county court on April 24, 2018. Their notice of appeal included a list of eight separately numbered and paragraphed errors. This notice of appeal was included in the county court transcript filed in the district court on May 2. In support of their argument, the Appellants cite *State v. Nelson*, 2 Neb. App. 289, 509 N.W.2d 232 (1993), wherein this court determined that the version of § 6-1452(A)(7) then in effect (differing primarily in requiring statement of errors to be filed within 10 days of notice of appeal as opposed to 10 days of filing of bill of exceptions) did not require the appellant to file two separate pieces of paper, i.e., both a notice of appeal and a separate statement of errors. We noted that in an appeal to the district court from a judgment of the county court, the clerk of the county court was statutorily required to transmit a certified copy of the transcript to the district court within 10 days of the perfection of the appeal and that court rules required the notice of appeal to be included in the transcript. See Neb. Rev. Stat. § 25-2731 (Cum. Supp. 2018); § 6-1452(A)(1)(b). Accordingly, we held that an appellant who has

incorporated a properly drafted statement of errors directly into a notice of appeal from a judgment of the county court has satisfied the requirement in § 6-1452(A)(7) concerning the timely filing of a statement of errors with the district court.

Here, despite its statement in the May 2019 order concerning a plain error review and regardless of whether the Appellants' notice of appeal complied with § 6-1452(A)(7), the record shows that the district court did consider the Appellants' claimed errors. When an appellant fails to file a statement of errors in the district court, an appellate court may at its discretion consider errors assigned in the appellate court, provided that the record shows that those errors were also assigned in the district court. *Id.* See, also, *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018) (in cases where no statement of errors was filed, but record showed district court considered issue that was also assigned to higher appellate court, higher appellate court may consider that issue); *State v. Scherbarth*, 24 Neb. App. 897, 900 N.W.2d 213 (2017) (despite failure to file particular statement of error in district court, higher appellate court may still consider errors actually considered by district court).

As noted above, a review of the record shows that the district court considered all errors the Appellants claimed were committed by the county court. Accordingly, we elect to consider the four assignments of error identified above as they were specifically assigned and specifically argued to this court and are either claimed county court errors considered by the district court or claimed errors by the district court with respect to the proceedings in district court.

A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020). Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under § 6-1112(b)(1) is subject to de novo review. *Skyline Manor v. Rynard*, 288 Neb. 602, 852 N.W.2d 303 (2014).

ANALYSIS

*Relevant Statutory Provisions.*

Before turning to the Appellants' arguments, it is helpful to set out here the relevant statutory provisions pertinent to this appeal.

Both the county court and district court determined that they did not have subject matter jurisdiction over claims grounded on a failure to comply with § 77-1306.01. This statute provides as follows:

> In all counties where land ownership may from time to time be altered to add new lands to the tax rolls due to the activity of any river, stream, or other body of water along or bordering state lines, whether by accretion or avulsion, it shall be the duty of the county surveyor prior to June 1, 1960, and at least once within each five-year period thereafter either to cause to be surveyed any lands believed to have been altered in such manner or to certify in writing that it is his or her opinion that no alteration of ownership of any land in the county from that shown by the then current tax rolls has occurred due to the action of any river, stream, or other body of water along or bordering state lines. . . . In all counties where land ownership may from time to time be altered due to the activity of any river,

stream, or other body of water not along or bordering state lines, whether by accretion or avulsion, it shall be the duty of the county surveyor to cause to be surveyed any lands believed to have been altered when directed by the county board of equalization or when requested by the Property Tax Administrator.

Also relevant is § 76-705, which provides:

> If any condemner shall have taken or damaged property for public use without instituting condemnation proceedings, the condemnee, in addition to any other available remedy, may file a petition with the county judge of the county where the property or some part thereof is situated to have the damages ascertained and determined.

Finally, we note § 76-715, which provides:

> Either condemner or condemnee may appeal from the assessment of damages by the appraisers to the district court of the county where the petition to initiate proceedings was filed. Such appeal shall be taken by filing a notice of appeal with the county judge within thirty days from the date of filing of the report of appraisers as provided in section 76-710.

*Failure of County Court to Certify Action to District Court.*

The Appellants contend that the county court should have certified those portions of their claims that sought injunctive and declaratory relief to the district court rather than dismissing them for lack of subject matter jurisdiction. In its August 2017 order, the county court noted that the Appellants admitted that most of the relief requested in their amended complaint (which was the same as the operative complaint) was outside the jurisdiction of the county court. The court noted the Appellants' contention that the inverse condemnation proceeding, which is within the exclusive jurisdiction of the county court, should take place there, and then the remaining issues should be certified to the district court pursuant to Neb. Rev. Stat. § 25-2706 (Cum. Supp. 2018). The county court went on to determine that the inverse condemnation claim failed to state a claim for relief under § 76-705 as the amended complaint did not allege facts that the Appellants' property had been "taken or damaged" or that the property was taken or damaged for "public use." Presumably, with dismissing the amended complaint, the county court determined it unnecessary to address the certification issue further.

Section 25-2706 provides, in relevant part, that "[t]he county court shall certify proceedings to the district court of the county in which an action is pending . . . when the relief requested is exclusively within the jurisdiction of the district court."

Here, the Appellants argue that part of the proceeding should have been certified to the district court and part retained in the county court. We do not read the statute to allow such parsing of a complaint. We agree with the county court's declination to certify any claims for relief which were beyond the jurisdiction of the county court to the district court. In deciding that the inverse condemnation action failed to state a claim for relief, there was no need to address the related claims for relief over which the county court did not have jurisdiction as those claims derived from

the inverse condemnation claim that the Appellants' land had been taken or damaged. Further, the Appellants can show no harm by any failure to certify these issues to the district court since the county court's decision was appealed to the district court, which affirmed the determinations regarding lack of subject matter jurisdiction and failure to state a claim for relief. This assigned error fails.

*Failure of County Court to Observe Statutory Requirements.*

The Appellants argue that the county court erred in failing to observe its ministerial duties under the condemnation statutes, including the appointment of appraisers, serving notice of the appraisers' meeting, approving the qualifications of the appraisers, and receiving the report of the appraisers. See Neb. Rev. Stat. §§ 76-704 to 76-724 (Reissue 2018). The Appellants argue that the county court had no power to determine anything extraneous to convening appraisers as it is not a judicial process at that stage. The Appellants assert that only when the report of appraisers is appealed to the district court does the proceeding become judicial. The Appellants argue that the county court committed error in failing to fulfill its role under the condemnation statutes and that the district court erred in failing to proceed under the petition on appeal pursuant to § 76-715.

In support of their arguments, the Appellants cite *City of Waverly v. Hedrick*, 283 Neb. 464, 810 N.W.2d 706 (2012), a case involving a condemnation action brought by the City. After the county court appointed appraisers, who returned a fee taking valuation of the property, the City filed a motion to setoff the amount of a preexisting lien from the condemnation award. Before the county court ruled on the setoff motion, the landowner appealed to the district court, asserting that the valuation was inadequate. The City filed another motion for setoff in the district court, which the district court declined to address, ordering that any setoff would occur on remand to the county court after a jury trial in the district court to determine the proper valuation of the property. Following a jury trial, the district court entered judgment in favor of the landowner. On remand, the county court granted the city's motion for setoff, and the landowner again appealed to the district court, which affirmed.

On appeal to the Nebraska Supreme Court, the landowners' assignments of error included an assertion that the county court lacked subject matter jurisdiction to hear the city's motion for setoff. The Supreme Court ultimately determined that because the eminent domain statutes do not confer upon county courts the power to hear motions for setoff, they lack jurisdiction to do so, and the district court had the inherent power under the statutes to determine judicial matters beyond the valuation of land, including the issue of setoff. *Id.* In reaching this conclusion, the Supreme Court observed that the powers conferred upon the county court judge by the condemnation statutes are not judicial powers or duties, but are instead purely ministerial in character. *Id.* The court stated that only when the appraiser's report is appealed to the district court do condemnation proceedings become judicial. *Id.*

The Appellants also cite *Papio-Missouri River NRD v. Willie Arp Farms*, 15 Neb. App. 984, 739 N.W.2d 776 (2007). That case involved an appeal to the district court from the county court after certain leased land became part of an eminent domain proceeding, appraisers were appointed, and the appraisers filed their report in the county court awarding sums to the property owner and the purported tenant of the property due to the taking. The NRD appealed to the district

court, alleging that the appraisers' award exceeded the damages sustained by the property owner and purported tenant. The appeal from the award to the property owner was settled without trial, but the purported tenant answered, seeking damages arising out of the taking and attorney fees. At issue in the appeal was whether the district court properly allowed the tenant to be substituted as the condemnee, which we determined was error. In reviewing the case, we set out the process for appeal from an award of appraisers in a condemnation proceeding, including noting that the securing of an appraisal of damages by appraisers appointed by the county judge is an administrative act as distinguished from a judicial proceeding. *Id.*

Both of the cases cited by the Appellants are distinguishable from the situation presented in this case. Neither case involved a party raising the issue of the sufficiency of the condemnation petition or a lack of subject matter jurisdiction in the county court. Rather, they involve appeals to district court after an appraisers' award.

The Appellees assert that the county court had the authority to determine whether the pleadings before it were sufficient to set forth a condemnation claim. In support of their assertions, the Appellees cite to *Platte Valley Public Power and Irrigation District v. Feltz*, 132 Neb. 227, 271 N.W. 787 (1937), and *Scheer v. Kansas-Nebraska Natural Gas Co.*, 158 Neb. 668, 64 N.W.2d 333 (1954). *Platte Valley Public Power and Irrigation District* involved an action in district court to enjoin the defendant from interfering with the plaintiff's possession of certain real property the plaintiff claimed to have acquired through condemnation proceedings. The defendant also sought injunctive relief and to have title to the property quieted against the plaintiff's claims based on the condemnation proceedings. Following trial, the district court granted the defendant a permanent injunction until the plaintiff was able to acquire title or right of possession to the property involved, by a proper and legal condemnation proceeding. On appeal to the Nebraska Supreme Court, the Supreme Court discussed the underlying condemnation action observing that the defendant had filed objections in the county court condemnation proceeding, challenging the sufficiency of the plaintiff's petition (based on the sufficiency of the description of the land sought to be condemned), which objections were overruled by the county court. Subsequently, the appraisal was conducted, damages assessed, and the parties appealed to the district court from the appraiser's award. The defendant also challenged the sufficiency of the condemnation petition in his answer and cross-petition filed in the district court action for injunctive relief. On appeal, the Nebraska Supreme Court considered the sufficiency of the petition in the condemnation proceedings and whether the appeal taken from the award of the appraisers had waived any defects in the petition. The court determined that the petition in the underlying condemnation action had been insufficient to vest the county court with jurisdiction to appoint appraisers. It also determined that an appeal by a landowner from the award of appraisers does not waive objections to the jurisdiction of the appraisal court. *Id.* The court observed that proceedings in condemnation under a petition which fails to set forth the jurisdictional facts required by statute are null and void. *Id.*

The other case cited by the Appellees, *Scheer v. Kansas-Nebraska Natural Gas Co., supra*, involved a quiet title action in which the Nebraska Supreme Court determined whether the petition in an underlying condemnation action was sufficient as against a collateral attack. In determining that it was, the court noted the authority of county courts to address whether the allegations of a condemnation petition are indefinite.

While neither of the above cases involve an appeal from the dismissal of a case by the county court for failure to state a claim for relief or lack of subject matter jurisdiction, they suggest that the sufficiency of the condemnation pleading is a matter that may be addressed by the county court prior to appointing appraisers. As relevant to this case, we observe that the Nebraska Supreme Court characterized the challenge to the sufficiency of the condemnation petition in *Platte Valley Public Power and Irrigation District* as having been made by "proper objections filed in the county court," which were then overruled by the county court prior to the appraisal and assessment of damages by the appraisers. That was the procedure followed in the present case, and we find no error in the county court's determination that it had authority to rule on the § 6-1112(b)(6) motions filed by the counties. We note that the uniform county court rules define the word "motion" to include § 6-1112(b) motions, implying that such motions are allowed in county courts and that county courts have the authority to rule on such motions. See Neb. Ct. R. § 6-1417. We have addressed the correctness of its dismissal for failure to state a claim further below.

The county court determined that neither it nor the district court had subject matter jurisdiction over the allegations made under § 77-1306.01 and that neither court could enforce the counties' obligation under that section to conduct surveys and maintain tax rolls. Subject matter jurisdiction includes a court's power to hear and determine a case in the general class or category to which the proceedings in question belong, but it also includes a court's power to determine whether it has the authority to address a particular question within a general class or category that it assumes to decide or to grant the particular relief requested. *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017). See, also, *Anderson v. A & R Ag Spraying & Trucking*, 306 Neb. 484, 946 N.W.2d 435 (2020) (court may have subject matter jurisdiction in matter over certain class of case, but it may nonetheless lack authority to address particular question or grant particular relief requested). Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020). The county court had the power to determine whether it lacked jurisdiction. We have addressed the correctness of its jurisdictional determination further below.

Turning to the Appellants' argument that that the district court erred in failing to proceed under the petition on appeal pursuant to § 76-715, we again observe that this section provides for appeals by condemners or condemnees from an assessment of damages by appraisers to the district court. The Nebraska Supreme Court has stated, "The appeal authorized by § 76-715 is not a conventional civil appeal from county court to district court. Under § 76-715, the property owner or public entity appeals from the assessment of damages by the appraisers rather than from an order or ruling of the county court." *Village of Memphis v. Frahm*, 287 Neb. 427, 435, 843 N.W.2d 608, 616 (2014). Conventional civil appeals from county court to district court are governed by §§ 25-2728 to 25-2738, and § 25-2728(2)(a) specifically provides that such sections shall not apply to "[a]ppeals in eminent domain proceedings as provided in sections 76-715 to 76-723." See *Armstrong v. County of Dixon*, 282 Neb. 623, 808 N.W.2d 37 (2011). Here, the appeal from county court to district court was not from an assessment of damages by appraisers, but was from the county court's dismissal following its rulings on the motions to dismiss. The district court did not err in failing to proceed pursuant to § 76-715.

We conclude that the county court properly determined whether the pleadings were sufficient to confer subject matter jurisdiction on the court and whether the pleadings stated a claim for relief before commencing the condemnation process. Likewise, the district court properly dismissed the petition on appeal under § 76-715 as there had not been a determination of condemnation damages in the county court. We find no error by the county court or the district court in determining the threshold jurisdiction issues before addressing the merits of the condemnation claim.

*Failure of District Court to Determine Appeal*
*Under Eminent Domain Statutes.*

The Appellants challenged the decision of the district court to review the appeal from the county court under the general appeal provisions contained in §§ 25-2728 to 25-2739. This argument is similar to the preceding argument in that the Appellants argue that the question before the district court was whether the county court erred in refusing to convene the appraisers. The Appellants assert that the decision of the district court should be reversed and remanded with directions to the county court to conduct its ministerial function of appraisement.

As we concluded above, the county court was correct in determining whether the operative complaint conferred subject matter jurisdiction upon the court and whether it stated a claim for relief before addressing the functions required in a condemnation action. The issue before the district court was not a review of the award of damages from the report of appraisers in the county court proceeding; rather, it was a review of the preliminary pleading questions. Review under the general statutes governing appeals from the county court to the district court was appropriate, and the district court did not err in doing so.

*District Court's Grant of Protective Orders.*

The Appellants argue that the district court erred in granting the motions for protective orders following the service of discovery requests upon the Appellees. The Appellants admit that there is no statutory authority that discovery rules apply to a district court appeal in a statutory taking case. However, the Appellants argue that it appears to be the "custom" in such cases. The Appellants cite to Neb. Rev. Stat. § 76-717 (Reissue 2018) which provides that in statutory takings cases, the appeal is tried de novo in the district court.

Because this was not an appeal from the determination of damages in the report of appraisers, the appeal was not governed by § 76-717 and as such, there was no de novo trial to be held. Rather, the only issue before the district court was whether the county court erred in dismissing the operative complaint under the pleading rules. The district court did not err in granting the protective orders.

*Conclusion.*

While this appeal has a convoluted procedural history, resolution of this appeal boils down to a singular question: Did the district court err in affirming the county court's dismissal of the second amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted? The Appellants did not separately argue this question.

Nevertheless, we find that the district court did not err in affirming the decision of the county court to dismiss the Appellants' operative complaint with prejudice.

The initial premise for the Appellants' claim is that the Appellees failed to survey lands bordering the Platte River, which the Appellants claim was required by § 77-1306.01. The Appellants then claim that such failure, and the resulting failure to alter the tax rolls, diminished the value of their land and business enterprises, and caused them to lose several acres of unimproved land. Finally, The Appellants assert that such failures resulted in a taking of their property for which they sought relief for inverse condemnation under § 76-705.

The county court determined that it did not have subject matter jurisdiction over claims grounded on a failure to comply with § 77-1306.01.

The district court agreed that the county court did not have subject matter jurisdiction under § 77-1306.01. The district court first noted that unlike other provisions in Article 13 of Chapter 77 of the statutes, there is no provision by which a landowner or taxpayer can invoke the action of the surveyor described in § 77-1306.01 or appeal from any determination made by the surveyor pursuant to that section. The district court went on to review the plain language of the statute, noting that the actions required of the county surveyors relating to rivers, streams, or other bodies of water along or bordering state lines did not apply as the Appellants' land was not along a river on a boundary of the state lines but was entirely in Nebraska. For that reason, the district court concluded that there was no duty owed by the Appellees under § 77-1306.01. Because no duty was owed to the Appellants under that statute, the district court found the Appellants did not have standing to assert the takings claim. The district court did not address the portion of the statute relating to rivers, streams, or other bodies of water not along or bordering state lines.

Aside from any factual findings, the trial court's ruling on subject matter jurisdiction is reviewed de novo, because it presents a question of law. *Valley Boys v. American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020). See, also, *Skyline Manor v. Rynard*, 288 Neb. 602, 852 N.W.2d 303 (2014) (aside from factual findings, which are reviewed for clear error, granting of motion to dismiss for lack of subject matter jurisdiction under § 6-1112(b)(1) is subject to de novo review).

We find as a matter of law that the Appellants' claim under § 77-1306.01 in the second amended complaint sought relief for matters outside of the courts' subject matter jurisdiction. The Appellants have not cited to any other statute or case law, nor are we aware of any authority, that indicates that this section provides a private claim for relief by a landowner to compel the county to take the required actions or to indicate that failure to perform the duties provides a remedy to a landowner for damages.

We further find as a matter of law that the Appellants' operative complaint failed to state a claim for relief for inverse condemnation. The Appellants do not allege that the Appellees took their land for public use as required by § 76-705. The Appellants' allegation that they were forced to sell their property to a third party is not sufficient to satisfy the element of a taking, nor does the allegation that the Appellees benefited from the failure to conduct a survey and adjust the tax rolls amount to a taking for public use as plainly contemplated in the statute.

## CONCLUSION

The order of the district court affirming the county court's order of dismissal is affirmed.

AFFIRMED.